court properly excluded the following portions or sentences contained in said depositions, to wit: "Alvary Fikes started it." "I started as soon as Henry Suttle left me to go to Mr. Andrew Fair's store." "And I thought I was killing him." "Mr. Fair told me Avery was shot and killed, and for me not to leave." "Thought he kept running." "I hope he will be acquitted for killing Alvary Fikes." Each of the above sentences are clearly illegal and inadmissible. But we are of the opinion that the following two statements contained in the depositions of this witness should not have been excluded: "In presence of several white men Henry Suttle said to me when he came into the restaurant, 'You ought to love me the balance of your life, for I saved your life;'" and the further sentence, "Alvary would have cut you to death if I had not pulled him off you." The relevancy of these statements is apparent as being a part of a conversation testified to by the state witnesses. It was also in rebuttal of the testimony of these several state witnesses, and in conflict with their testimony, wherein they had stated that Henry Suttle had stated at this particular time, "You need not worry about the other fellow; I fixed him," coupling the statement with an oath, etc. These statements were not of the res gestæ, but were competent for the reasons above stated. Madry's Case, 201 Ala. 512, 78 South. 866.

[15-17] On cross-examination of the defendant, who testified in his own behalf, the solicitor propounded the following question: "Were you drinking that night?" and over the objection and exception of defendant he was required to answer, which he did by saying, "Yes, sir; I had had a drink." We think this question was objectionable for being too general, and should have been confined to the time of the difficulty. However, we would not predicate reversible error on this ruling, as several witnesses were permitted to testify without objection that the defendant at or about the time or immediately following the difficulty was more or less under the influence of liquor. The condition of the defendant at the time of the alleged commission of the offense is a part of the res gestæ; and, as aptly stated by the Attorney General, the solicitor had the right to have this question answered for the purpose of enabling the jury to determine whether the witness accurately remembered things as they occurred on the night of the homicide. Moreover, the scope of cross-examination of witnesses even as to irrelevant matters to test the accuracy of their testimony or show bias is a matter largely within the discretion of the trial court. Here no abuse of this discretion is shown.

This disposes of every question presented for our consideration on this appeal.

For the errors designated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

---

(95 South. 919)

## BOSWELL v. TOWN OF ECLECTIC.
### (5 Div. 443.)

(Court of Appeals of Alabama.  April 17, 1923.)

Criminal law &#8781;1182—Conviction affirmed where no assignments of error or appellant's brief.

Where there are no assignments of error, and no brief has been filed by the appellant, a conviction will be affirmed.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Joe Boswell was convicted of violating a city ordinance, and he appeals. Affirmed.

Holley & Milner, of Wetumpka, for appellee.

No brief reached the Reporter.

BRICKEN, P. J. This defendant was convicted in the recorder's court of the town of Eclectic for a violation of one of the ordinances of said town. He appealed to the circuit court of the county, and was again convicted, and from this judgment he appeals to this court.

There are no assignments of error as required, nor has any brief been filed in this court in behalf of appellant. This being a prerequisite to a consideration of the appeal by this court, the judgment appealed from must be, and is, affirmed.

Affirmed.

---

(95 South. 919)

## THORNTON v. TOWN OF ECLECTIC.
### (5 Div. 442.)

(Court of Appeals of Alabama.  April 17, 1923.)

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Proceeding between R. A. Thornton and the Town of Eclectic. From the judgment rendered, the former appeals. Affirmed.

Holley & Milner, of Wetumpka, for appellee.

FOSTER, J. Affirmed, on authority of Boswell v. Town of Eclectic, ante, p. 201, 95 South. 919.

---